IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |  | |
|---|---|---|---|
| BRUCE MOLZAN | § | | |
| | § | | |
| *Plaintiff,* | § | | |
| | § | | |
| v. | § | Civil Action No._____ |
| | § | | |
| BELLAGREEN HOLDINGS, LLC, | § | | |
| BELLAGREEN TEXAS, LLC, | § | | |
| HARGETT HUNTER CAPITAL PARTNERS, LLC, | § | | |
| JASON C. MORGAN | § | | |
| | | | |
| *Defendants* | | | |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff, Bruce Molzan ("Bruce Molzan" or "Plaintiff") files this complaint for declaratory judgment and injunctive relief against the Defendants Bellagreen Holdings, LLC, (formerly named Ruggles Green Holdings, LLC), Bellagreen Texas, LLC (formerly named Ruggles Green Texas, LLC), Hargett Hunter Capital Partners, LLC, and Jason C. Morgan, (collectively "Defendants"). Unless specifically stated otherwise herein, Defendants will be referenced collectively.

**NATURE OF THE ACTION**

1. Plaintiff, Bruce Molzan, seeks declaratory judgment that Defendants have repudiated his agreement exclusively licensing his federally registered trademark RUGGLES GREEN for restaurant services ("exclusive RUGGLES GREEN trademark license"), and their uses of that mark constitute trademark infringement. Defendants maintain the exclusive RUGGLES GREEN trademark license remains in effect although they have changed the name of

1

the restaurants from RUGGLES GREEN to BELLAGREEN and have filed applications with the United States Patent and Trademark Office to register BELLAGREEN trademarks.

2. Plaintiff further seeks declaratory judgment that Defendants infringe his copyrights in his recipe book through their restaurant menu selection incorporating a substantial number of items from that book.  Defendants allege the copyright registration is invalid and claim the recipes as their own.

3. Plaintiff believes that Defendants' infringing activities usurp his goodwill in his RUGGLES and RUGGLES GREEN trademarks for the benefit of Defendants' BELLAGREEN trademark, and if not stopped Defendants will cannibalize Plaintiff's RUGGLES GREEN mark altogether.  Plaintiff seeks this Court enjoin Defendants' infringement and misappropriation of Plaintiff's trademarks, and order that Plaintiff can immediately resume use of his RUGGLES GREEN trademark for restaurant services to save that trademark.

4. Plaintiff further seeks declaratory judgment that his bringing this action does not arise under the Asset Purchase and Contribution Agreement under which Defendants' predecessors in name, Ruggles Green Holdings, LLC and Ruggles Green Texas, LLC, assumed rights to the exclusive RUGGLES GREEN trademark license when purchasing the restaurants to which Plaintiff had granted the license.  Plaintiff was not a party to that Asset Purchase and Contribution Agreement although he had a minority ownership interest in one or more sellers of those restaurants.

5. Defendants threaten that Plaintiff's efforts to protect his mark, and refusal to agree by December 27, 2017 to enter into a settlement agreement relating to that Asset Purchase and Contribution Agreement, will result in their bringing a lawsuit alleging claims for fraud, deceptive trade practices, and breach of contract against him and the sellers of the Ruggles Green

restaurants.  On information and belief, that alleged proposed settlement agreement is being negotiated without Plaintiff's involvement but Defendants allege it is the consequence of Plaintiff having received a number of level "C" misdemeanor tickets (some already dismissed and some still pending) for purchasing fish from local unlicensed fisherman for use in the restaurants.  Plaintiff maintains he has the right to protect his trademarks and copyrights separate and apart from any dispute that may arise with the Texas Parks and Wildlife.

## THE PARTIES

6.\tPlaintiff is an individual residing in Houston, Texas.  He is a master chef and believed to be one of the most recognized and innovative chefs in the food industry.  He graduated in the top 10 in his class at the Culinary Arts Institute of America and studied under a number of internationally acclaimed master chefs, including Wolfgang Puck in Los Angeles, at Spago's restaurant, Jeremiah Tower in San Francisco, at Stars restaurant, Hubert Keller in San Francisco, at Fleur de Lys, Herve Glen in Normandy, France, and Enrico Crippa in Alba, Italy.  He was a Bocuse d'Or finalist and named as "top shelf" in Sarah Jane English's book on top chefs in Texas.  Plaintiff has been a popular restaurateur in Houston, Texas since the 1980's.

7.\tOn information and belief, Defendant Bellagreen Holdings, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business represented to be 5601 Democracy Drive, Plano, Texas  75024.  On information and belief, Defendant Bellagreen Holdings, LLC  is the same company as Ruggles Green Holdings, LLC, who changed its name to Bellagreen Holdings, LLC in August 2017.  Bellagreen Holdings, LLC has a designated agent for service of process in the State of Texas, Jason C. Morgan, who has an address at 1010 Country Trail, Fairview, Texas  75069.

8. On information and belief, Defendant Bellagreen Texas, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business represented to be 5601 Democracy Drive, Plano, Texas 75024. On information and belief, Defendant Bellagreen Texas, LLC is the same company as Ruggles Green Texas, LLC, who changed its name to Bellagreen Texas, LLC in August 2017. Bellagreen Texas, LLC has a designated agent for service of process in the State of Texas, Jason C. Morgan, who has an address at 1010 Country Trail, Fairview, Texas 75069.

9. On information and belief, Defendant Hargett Hunter Capital Partners, LLC is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business represented to be 1122 Oberlin Road, 2nd Floor, Raleigh, North Carolina 27605. Hargett Hunter Capital Partners, LLC is registered to do business in the State of Texas as a foreign entity and has a designated agent for service of process in the State of Texas, Jason C. Morgan, who has an address at 1010 Country Trail, Fairview, Texas 75069.

10. On information and belief, Defendant Jason C. Morgan is an individual residing at 1010 Country Trail, Fairview, Texas 75069, and is believed to be the manager and officer of one or more of the other Defendants, as well as a designated agent for service of process for the other Defendants.

**JURISDICTION AND VENUE**

11. This is an action for declaratory judgment arising under: (i) the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"); (ii) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); and (iii) 28 U.S.C. §§2201 and 2201 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338.

12. Defendant Hargett Hunter Capital Partners, LLC is subject to the personal jurisdiction of this Court because it has actively conducted business in this state in purchasing restaurants located in the greater Houston metropolitan area. Thus, this Court has both general and specific personal jurisdiction over Defendant Hargett Hunter Capital Partners, LLC.

13. Venue of this action is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Hargett Hunter Capital Partners, LLC is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2), and because a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the Southern District of Texas.

## FACTUAL BACKGROUND

14. Plaintiff re-avers and re-states the foregoing Paragraphs 1-13 inclusively as if fully set forth herein.

15. Plaintiff began the first RUGGLES restaurant with his then wife about 1987 in Houston, Texas. Their then corporation Molzan, Inc. registered the trademark RUGGLES with the U.S. Patent and Trademark Office for restaurant and bar services in 1998, as U.S. Reg. No. 2,180,256. A true and correct copy of the Registration Certificate is attached as Exhibit A. A true and correct copy of the record of assignment recordation at the United States Patent and Trademark Office showing Plaintiff's ownership of Registration No. 2,180,256, along with the recorded assignment, is attached as Exhibit B. This registered mark is on the Principal Register.

16. Plaintiff timely filed a Declaration of Use in Commerce and Incontestability under Sections 8 and 15 for U.S. Trademark Registration No. 2,180,256 and then later timely renewed the registration under Sections 8 and 9. The United States Patent and Trademark Office

acknowledged the Declaration under Section 15 affording Plaintiff's Registration No. 2,180,256 incontestable status. Plaintiff has now continuously used the RUGGLES mark for restaurant and bar services for nearly 30 years and the mark has been federally registered for nearly 20 years.

17. Plaintiff has had several restaurants in the last 30 years, or since 1987, using the RUGGLES mark or variations of the RUGGLES mark, such as composite marks RUGGLES GRILL, RUGGLES 5115, RUGGLES CAFÉ BAKERY, RUGGLES CAFÉ AND BAKERY and RUGGLES GREEN.

18. In late 2008, Plaintiff began the first RUGGLES GREEN restaurant with a "green" concept and two individuals who had no food industry or restaurant experience themselves, through a company they formed and called Green Café Management, Inc.

19. RUGGLES GREEN restaurant became Houston's first Certified Green Restaurant, certified through the Green Restaurant Association. RUGGLES GREEN restaurant stated on its menu that it offered "delicious menu items that incorporate organic, all-natural, hormone-free, preservative-free, products that are always delicious." RUGGLES GREEN restaurant also advertised that it "strive[d] to preserve the environment through … action in recycling, conservation, the use of sustainable products, and simple common sense." RUGGLES GREEN restaurants included local Houston area farmers among its suppliers of food for serving in the restaurants. A true and correct copy of such menu is attached as Exhibit C.

20. Plaintiff registered the mark RUGGLES GREEN with the U.S. Patent and Trademark Office for restaurant services in 2015, as U.S. Reg. No. 4,725,963. A true and correct copy of the Registration Certificate is attached as Exhibit D. This registered mark is on the Principal Register.

21. Plaintiff's specimen of use submitted with the application for that federal trademark registration, U.S. Reg. No. 4,725,963, showed a screen shot of a website page for Ruggles Green restaurants talking about the restaurant concept, stating:

> Formed in late 2008, Ruggles Green is Houston's first Certified Green RestaurantTM. Ruggles Green adheres to the strict guidelines of the Green Restaurant Association. Chef Bruce Molzan, "the cook", Federico Marques, "the green guy," and Robert Guillerman, conceived this innovative Houston health food restaurant from their desire for good, healthy, organic, all natural foods and wines-that taste great. Ruggles Green is a premium fast casual restaurant with no waiters, no valets, and no hassles. Just great food that is good for you. This restaurant features original, delicious menu items, such as the 98% Lean Buffalo Burger, the Wood-Fired Quinoa Mac & Cheese and the very tasty Veggie-Nut Hemp Burger. They also offer Wood-fired Organic Pizzas that are Heavenly! Committed to Houston health food and a healthy environment too, join Ruggles Green for tasty, organic foods and wines.

A true and correct copy of that specimen of use is shown in Exhibit E.

22. In early 2015, plaintiff gave an exclusive RUGGLES GREEN trademark license to Green Café Management, Inc., giving them "the exclusive right to use and sub-license the RUGGLES GREEN mark in connection with food products and restaurant services, and the advertising and promotion thereof, consistent with the ordinary course of trade for such goods and services, subject to the terms [in the agreement]." The exclusive RUGGLES GREEN trademark license provided that it could be "freely assigned, transferred, or licensed by either Party without the consent of the other Party, provided that the assignee, transferee or licensee, as applicable, agrees to be bound by the terms of this Agreement." A true and correct of the exclusive RUGGLES GREEN trademark license is attached as Exhibit F.

23. In late 2016, Defendant Bellagreen Holdings, LLC's predecessor by name, Ruggles Green Holdings, LLC (managed by Defendant Hargett Hunter Capital Partners, LLC), and Defendant Bellagreen Texas, LLC's predecessor by name, Ruggles Green Texas, LLC (managed by Defendant Jason C. Morgan), acquired the RUGGLES GREEN restaurants, totaling

7

five in number, all in the greater Houston metropolitan area, and received in the acquisition the exclusive RUGGLES GREEN trademark license.  True and correct excerpts from the Asset Purchase and Contribution Agreement relating to that acquisition and license transfer are attached as Exhibit G.

## DEFENDANTS' ACTS COMPRISING ACTUAL CONTROVERSY

24.     Soon after assuming the exclusive RUGGLES GREEN trademark license, Plaintiff objected to Defendants' not obtaining at least some food from local farmers for the RUGGLES GREEN restaurants since Defendants were representing to the public that they were, and even naming a specific farmer as a supplier.

25.     Defendants discouraged and even at times thwarted Plaintiff's efforts to monitor quality control in the RUGGLES GREEN restaurants (pursuant to Section 5 of the exclusive RUGGLES GREEN trademark license) through bullying tactics and false accusations against Plaintiff.

26.     Plaintiff warned Defendants again that Plaintiff would not tolerate misrepresentation to the public that food was obtained from local suppliers, namely local farmers, when in fact the food was not.  On information and belief, Defendants used the same commercial wholesale suppliers that other restaurants in the Houston area use, even though Defendants maintained signage indicating they used locally sourced food from local farmers.

27.     On June 20, 2017, Defendant Ruggles Green Holdings, LLC filed with the United States Patent and Trademark Office an "intent to use" application for a BELLAGREEN word mark for restaurant services and an "intent to use" BELLAGREEN DOWN-TO-EARTH EATING logo or word-with-design mark for restaurant services, without any advice to Plaintiff.

A true and correct copy of the United States Patent and Trademark Office index type record about these filings is attached at Exhibit H.

28. Without any notice to Plaintiff, and on information and belief, Defendant Ruggles Green Holdings, LLC and Defendant Ruggles Green Texas, LLC changed their respective names to Bellagreen Holdings, LLC and Bellagreen Texas, LLC in August 2017.

29. Also without any notice or explanation to Plaintiff, Defendants sent out one or more press releases in late August 2017 that they were changing the name of the RUGGLES GREEN restaurants to BELLAGREEN. On information and belief, as a consequence of those press releases, various news media released news articles about the name change. True and correct copies of example articles are attached at Exhibits I, J and K. The articles malign Plaintiff, referring to allegations that he was cited by the Texas Parks & Wildlife for purchasing and selling seafood from unlicensed fisherman, or "illegal" seafood.

30. At least one news article quotes Defendant Jason Morgan, represented as the "Bellagreen CEO," as stating: "We bought 100-percent of (Molzan's) interest out last October. Other than licensing the (Ruggles) name, he has no interest in what we are doing. Now, he will have no involvement." See Exhibit K.

31. Defendants have changed most of the signage at the RUGGLES GREEN restaurants from RUGGLES GREEN to BELLAGREEN, but the style or represented concept and look and feel of the restaurants is the same. Defendants have even substituted "BELLAGREEN" for "RUGGLES GREEN" in accolades and marketing taglines earned and used by the RUGGLES GREEN restaurants, such as now calling "BELLAGREEN" "Houston's first certified Green restaurant" and "one of the first certified Green restaurants," even though such statements are false.

32. Defendants have caused any internet search for the RUGGLES GREEN restaurant website, rugglesgreen.com, to be immediately and automatically redirected to the BELLAGREEN restaurant website, bellagreen.com. Now, a GOOGLE internet search for "ruggles green" or RUGGLES GREEN will first show listings for BELLAGREEN restaurants and then listings about the name change from RUGGLES GREEN to BELLAGREEN. A true and correct copy of sample results of such a search is attached at Exhibit L. A GOOGLE internet search for BELLAGREEN will similarly show listings for BELLAGREEN restaurants and then listings about the name change or "rebranding" of RUGGLES GREEN restaurants to BELLAGREEN. A true and correct copy of sample results of such a search is attached at Exhibit M. Further, on information and belief, Defendants have closed the RUGGLES GREEN Facebook pages altogether. On information and belief, Defendants have acted to directly or indirectly convert all web presence about RUGGLES GREEN restaurants to focus on or be directed to BELLAGREEN restaurants or to eliminate the information altogether if such conversion cannot be effected.

33. On information and belief, Defendants are attempting to turn the RUGGLES GREEN restaurants into BELLAGREEN restaurants, misappropriating all of the good will of the RUGGLES GREEN mark for their own BELLAGREEN mark. Defendants are cannibalizing the RUGGLES GREEN mark.

34. The BELLAGREEN restaurant menu has the same or substantially the same categories, types, and items of food as the RUGGLES GREEN restaurant menu. The BELLAGREEN menu lists "Appetizers," "Soups," "Paninis & Wraps," "Salads," "Dressings," "Proteins," "Tacos," "Burgers," "Pasta," "Wood-Fired Pizza," "Sandwiches," "Beverages," "Desserts," "Sides," and "Kids Menu." RUGGLES GREEN menu listed "Appetizers," "Soups,"

"Salads," "Spicy Fish Tacos," "Sandwiches," "Pastas," "Pizza (always wood-fired)," "Ruggles Sides," "Desserts," "Children's Menu," "Fresh Brewed Katz Coffee (all drinks iced or hot)," and "Wine and Beer Menu."

35. The food offering selection on the BELLAGREEN restaurant menu is substantially copied from Plaintiff's recipe book in which he holds a registered copyright. A true and correct copy of that registration is attached at Exhibit N. For example, in the "Soups" category, approximately 75% or 3 of the 4 listed soups on the BELLAGREEN menu are items from Plaintiff's copyrighted recipe book and are also items that were on the RUGGLES GREEN menu. The fourth soup is called a "Bellagreen Rotation—a rotation of our chef-inspired soups." In the "Salads" category, again 75% or 6 of the 8 listed salads on the BELLAGREEN menu are items from Plaintiff's copyrighted recipe book and are also items that were on the RUGGLES GREEN menu. In the "Appetizers" category, two-thirds or four of the six listed appetizers on the BELLAGREEN menu are items that were on the RUGGLES GREEN menu and all of those four are items from Plaintiff's copyrighted recipe book. The RUGGLES GREEN menu did not have a "Dressings" category per se like the BELLAGREEN menu, but the dressings listed on the BELLAGREEN menu are believed to be items from Plaintiff's copyrighted recipe book and are also believed to be items that are listed on the RUGGLES GREEN menu with other food items or as a "Side." In all, the BELLAGREEN menu is believed to include over half of the foods in Plaintiff's copyrighted recipe book.

36. The few differences in the BELLA GREEN menu and RUGGLES GREEN menu are more differences in semantics than substance. For example, although the BELLAGREEN menu has an entire category of "Tacos," listing four tacos, and RUGGLES GREEN menu listed in larger bolder type "Spicy Fish Tacos" apart from a category, the first "taco," in the

11

BELLAGREEN menu list is "Spicy Fish Tacos." Although the BELLAGREEN menu has categories for "Paninis & Wraps" and "Burgers" in addition to "Sandwiches," and the RUGGLES GREEN menu has "Sandwiches," the RUGGLES GREEN menu includes burgers and paninis and wraps under the "Sandwiches" category. Moreover, all but one, or four of the five, burgers listed on the BELLAGREEN menu are also listed on the RUGGLES GREEN menu and two of the three paninis listed on the BELLAGREEN menu are also listed on the RUGGLES GREEN menu. Additionally, one of two "wraps" listed on the BELLAGREEN menu is essentially a "wrap" version of a panini listed on the RUGGLES GREEN menu. Three of the four sandwiches listed under "Sandwiches" on the BELLAGREEN menu are also listed under "Sandwiches" on the RUGGLES GREEN menu. The BELLAGREEN menu lists a "Roasted Chicken Sandwich" instead of "Chef Bruce [Molzan]'s Smoked Hudson Farm All Natural Chicken Sandwich" as on the RUGGLES GREEN menu, but the description of the sandwiches is similar. Additionally, under the "Pasta" category, four of the seven items on the BELLAGREEN menu are in the "Pastas" category on the RUGGLES GREEN menu. Under the "Wood-Fired Pizza" category, five of the six items on the BELLAGREEN menu are in the "Pizza (always wood fired") category on the RUGGLES GREEN menu. All seven—100%--of the "Desserts" listed on the BELLAGREEN menu are listed under "Desserts" on the RUGGLES GREEN menu, with a few minor name changes. That is, for example, the BELLAGREEN menu lists "White Chocolate Bread Pudding" instead of "Ruggle's Famous White Chocolate Bread Pudding" as on RUGGLES GREEN menu, and the BELLAGREEN menu lists "Carrot Cake" instead of "Ruggles Organic Carrot Cake" as on the RUGGLES GREEN menu.

37. On information and belief, Defendants have added references in the BELLAGREEN menus and signage to a "chef" in tag lines—"chef-inspired" food and "chef-

12

driven" food —to retain and continue benefit of public association with Plaintiff as a master chef known for good food from the RUGGLES and RUGGLES GREEN marks, and to further indicate the BELLAGREEN food will be like RUGGLES GREEN food.

38. In a letter dated December 21, 2017, Plaintiff's counsel sent counsel for Defendant Ruggles Green Holdings, LLC (and believed to be representative for all Defendants) a letter stating that Defendant had repudiated the trademark license agreement and must cease and desist infringing Plaintiff's RUGGLES GREEN trademark and Plaintiff's registered copyrights in Plaintiff's recipe book. A true and correct copy of the letter is attached as Exhibit O.

39. In a letter dated December 22, 2017, counsel for Defendant Bellagreen Holdings, LLC boldly and inexplicably replied to Plaintiff's counsel that while, "*Bellagreen is not currently using the name Ruggles Green . . . Bellagreen reserves the right to continue selling food products or services using the name "Ruggles Green," as the Trademark Agreement has not been terminated by either Molzan or Bellagreen, and Bellagreen has in no way breached or defaulted on its obligations under the Trademark Agreement.*" Defendant's counsel further expressly claimed that Defendant owned the recipes in issue and that Defendants would seek Rule 11 sanctions against Plaintiff and Plaintiff's counsel as well as attorneys' fees and costs if Plaintiff or his counsel "attempts to assert any copyright, trademark, trade secret or other claim related to recipes." Defendant's counsel then went on for several pages devoted primarily to legal posturing about settlement negotiations between the Defendants who had been buyers of the RUGGLES GREEN restaurants and the seller companies, purportedly directed to allegations that Plaintiff was cited by the Texas Parks & Wildlife for purchasing and selling seafood from unlicensed fisherman, or "illegal" seafood. Defendant's counsel concluded his letter by stating that, "If Molzan does not agree to be a party to the settlement agreement [even though he has not

13

been involved in its negotiation or seen the proposed agreement], then Bellagreen will immediately proceed to file claims for fraud, deceptive trade practices, and breach of contract against [Plaintiff] Molzan, [the RUGGLES GREEN seller companies] GCM, Alabama Green, and the remainder of the Seller Companies' shareholders." Defendant's counsel gave Plaintiff until the close of business on December 27, 2017 "to agree to enter into a settlement agreement to include a mutual waiver and release of claims." A true and correct copy of the letter is attached as Exhibit P.

40. There presently exists a justiciable controversy regarding whether Defendants have repudiated Plaintiff's exclusive RUGGLES GREEN trademark license, whether Defendants' actions infringe Plaintiff's trademarks and misappropriate the goodwill associated with those trademarks, and whether Defendants have infringed Plaintiff's copyrights in Plaintiff's recipe book.

**FIRST CLAIM FOR RELIEF**
**(Nullification of Exclusive RUGGLES GREEN Trademark License)**

41. Plaintiff re-avers and re-states the foregoing Paragraphs 1-40 inclusively as if fully set forth herein.

42. This is a declaratory judgment action under the Trademark Laws of the United States, particularly the Lanham Act, 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation--Defendants attempting to force Plaintiff to forego his trademark rights and his copyrights and enter into a settlement agreement that Plaintiff was not involved in negotiating--Plaintiff seeks relief from this Court.

43. Plaintiff respectfully submits Defendants have ignored and mischaracterized the terms of Plaintiff's exclusive RUGGLES GREEN trademark license and disrespected Plaintiff's

trademark rights. Further, Defendants' conflicting positions--that they are not using Plaintiff's RUGGLES GREEN trademark but reserve the right to do so, all the while undercutting the trademark and misappropriating its goodwill, usurping it for the benefit of Defendants' new mark BELLAGREEN that Defendants are substituting for Plaintiff's RUGGLES GREEN trademark—prevents the trademark license from being effective. Instead Defendants are recklessly damaging the RUGGLES GREEN trademark to such an extent that if not stopped they will ultimately destroy that trademark. Defendants' actions are causing irreparable harm to Plaintiff's RUGGLES trademark as well.

44. Plaintiff respectfully submits that Defendants' actions repudiate the exclusive RUGGLES GREEN trademark license.

45. Plaintiff respectfully requests this Court render an order declaring that Defendants have repudiated the exclusive RUGGLES GREEN trademark license, nullifying the agreement, so that Plaintiff may immediately resume use of the RUGGLES GREEN trademark for restaurant services for restoration and maintenance of the mark. To facilitate Plaintiff's efforts to alleviate damage to its RUGGLES GREEN trademark and goodwill associated therewith, Plaintiff further respectfully requests this Court to order that no restrictions on Plaintiff's use of the mark shall apply under any non-competition terms in the exclusive RUGGLES GREEN trademark license or elsewhere between Plaintiff and any of the Defendants.

### SECOND CLAIM FOR RELIEF
### (Enforcement of Trademark Rights)

46. Plaintiff re-avers and re-states the foregoing Paragraphs 1-45 inclusively as if fully set forth herein. This is a declaratory judgment action under the Trademark Laws of the United States, particularly the Lanham Act, 15 U.S.C. § 1051 *et seq.* and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the

credible threat of immediate litigation—Defendants attempting to force Plaintiff to forego his rights relating to his federally registered RUGGLES and RUGGLES GREEN trademarks, which will irreparably damage the trademarks to such an extent that at least the RUGGLES GREEN trademark will be entirely lost--Plaintiff seeks relief from this Court.

47. Plaintiff respectfully submits that Defendants are infringing on the RUGGLES and RUGGLES GREEN trademarks in redirecting persons seeking the RUGGLES GREEN restaurants to the BELLAGREEN restaurants. Defendants are misleading the public that the goodwill of the RUGGLES GREEN mark is being merely migrated to the BELLAGREEN mark. Defendants are misrepresenting to the public that the BELLAGREEN restaurants are the RUGGLES GREEN restaurants with a different name and that the food they associate with the RUGGLES and RUGGLES GREEN restaurants will be the food that the BELLAGREEN restaurants will provide. Defendants are misappropriating the good will of the RUGGLES and RUGGLES GREEN trademarks for their own BELLAGREEN mark, and in so doing Defendants are causing the RUGGLES and RUGGLES GREEN trademarks irreparable harm.

48. Plaintiff respectfully requests this Court enjoin Defendants' use of the RUGGLES and RUGGLES GREEN trademarks for any purpose and order Defendants to cooperate in Plaintiff's efforts to restore the misappropriated good will to the RUGGLES and RUGGLES GREEN mark. Plaintiff respectfully requests this Court further enjoin Defendants from mimicking the RUGGLES GREEN menu or taking any other action that suggests to the public that the BELLAGREEN restaurants are the RUGGLES GREEN restaurants with a new name.

### THIRD CLAIM FOR RELIEF
**(Validity and Enforcement of Copyrights)**

49. Plaintiff re-avers and re-states the foregoing Paragraphs 1-48 inclusively as if fully set forth herein.

50. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation – Defendants attempting to force Plaintiff to forego his rights relating to his federally registered copyrighted recipe book--Plaintiff seeks relief from this Court.

51. Plaintiff respectfully submits that Defendants' including on the BELLAGREEN menu a substantial number of food items and descriptions, or derivations of descriptions, from Plaintiff's recipe book constitutes infringement of Plaintiff's copyright in that recipe book.

52. Plaintiff respectfully requests this Court enjoin Defendants' use of menus that infringe Plaintiff's copyrights in his recipe book. Plaintiff also requests this Court order Defendants to pay Plaintiff statutory damages and attorney fees for the copyright infringement.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding him the following relief:

(a) An order declaring the exclusive RUGGLES GREEN trademark license repudiated;

(b) An order declaring that Defendants' redirecting consumers from RUGGLES GREEN restaurants to BELLAGREEN restaurants is an infringement of Plaintiff's RUGGLES GREEN trademark;

(c) An order enjoining Defendants from using the RUGGLES and RUGGLES GREEN trademarks in any manner whatsoever.

(d) An order declaring that Plaintiff's copyright in his recipe book is valid and enjoining Defendants from copying recipes from that book.

(e) An order enjoining Defendants from using a menu for BELLAGREEN restaurants that has a similar look and feel and menu offerings as the RUGGLES GREEN menu.

(f) An order declaring that Defendants must return RUGGLES GREEN website domains and other social media using or affecting the RUGGLES GREEN trademark to Plaintiff, and that Defendants must also return to Plaintiff all copies of Plaintiff's copyrighted recipe book, whether in paper or digital form, and not retain or otherwise distribute any copies or variations of that book.

(g) An order declaring that Plaintiff has unrestricted rights to use and protect his RUGGLES and RUGGLES GREEN trademarks, notwithstanding any non-compete provisions that may exist in any agreement with Defendants.

(h) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff, Bruce Molzan; and

(f) An order awarding such other and further relief as this Court deems just and proper.

Dated:  December 27, 2017

Respectfully submitted,
Knobloch & Tripp, PLLC
By:     /s/Karen B. Tripp
        Karen B. Tripp
        Attorney in Charge
        Texas State Bar No. 03420850
        Southern District of Texas No. 2345
        4265 San Felipe, Suite 1100
        Houston, TX  77027
        (713) 658-9323 office phone
        (823) 798-7576 cell phone
        tripp.karen@gmail.com
ATTORNEYS FOR PLAINTIFF
BRUCE MOLZAN

**Verification**

I, Bruce Molzan, declare as follows:

1. I am the Plaintiff in the present case, a citizen of the United States of America, and a resident of the State of Texas.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief,* and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of the Defendants in the present case and their activities set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief,* and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning Defendants and their activities. 28 U.S.C. § 1746.

Executed on  December 27, 2017

_____
Bruce Molzan